## Sturzebecker Unemployment Compensation Case.

Argued March 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Samuel Sturzebecker, Sr.,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., April 13, 1961:

This appeal raises the question of the timeliness of claimant's appeal to the referee from the denial of his unemployment compensation claim by the Bureau of Employment Security.

The notice from the bureau of the denial of his claim was mailed on April 5, 1960, calling his attention to his right to file an appeal within ten days. His appeal was not filed until April 19, 1960. It was dismissed as untimely by the referee and this decision was affirmed by the Unemployment Compensation Board.

The appellant claims that he visited the bureau on April 11th and that he left with Mr. Moore at the bu-

reau a typewritten statement of the reasons for his separation from his employment and told him that he "hereby appealed the board's decision"; that Mr. Moore handed him an appeal form and told him to file it later; that he left the office with the impression that his appeal was perfected; that he returned on April 15th with the completed form but the office of the bureau was closed because it was Good Friday; that he believed that it would also be closed on Saturday and on Easter Monday and returned and filed it on Tuesday, April 19th. The bureau's records indicate that an appeal form was given to him on April 12th.

He has never been represented by counsel throughout the proceedings.

Neither the referee nor the board made any findings as to any of these matters other than the general finding that the appeal was filed on April 19, 1960, and that this was too late.

We have held that if a claimant is unintentionally misled by an interviewer at the bureau, the time for filing his appeal may be extended. *Flynn Unemployment Compensation Case*, 192 Pa. Superior Ct. 251, 159 A. 2d 579 (1960). In such case, a written communication by a claimant to the bureau within the statutory period expressing his dissatisfaction with its decision and his reasons for questioning it have been held sufficient even though the formal appeal was not filed until after the ten day period. *Gill Unemployment Compensation Case*, 165 Pa. Superior Ct. 605, 70 A. 2d 422 (1950); *Layton v. Unemployment Compensation Board of Review*, 156 Pa. Superior Ct. 225, 40 A. 2d 125 (1944).

The combination of circumstances set forth by the appellant here, if credited, might result in a finding that he filed a written statement with the bureau on April 11th or April 12th and that the filing of that statement was a sufficient compliance with the stat-

ute. There is no statement on the notice to him that the appeal had to be in any particular form, although there is the statement that appeal forms may be secured at any office of the Pennsylvania State Employment Service.

Again, if appellant's statements are credited, he may have been misled to such an extent by Mr. Moore's acceptance of his statement, telling him to file the form later, that the filing on April 19th may be considered in time under the doctrine of the *Flynn* case, supra.

For the reasons fully set forth by Judge MONTGOMERY in the *Flynn Unemployment Compensation Case,* supra, we conclude that testimony should be taken on these matters and the board should make specific findings with regard to them.

The decision of the Board of Review is reversed and the record is remanded to it with direction to proceed in a manner not inconsistent with this opinion, and for that purpose to take further testimony, if necessary, to establish the findings of fact suggested herein.

ERVIN and WOODSIDE, JJ., would affirm the board.