## Hegley Unemployment Compensation Case.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Donnell D. Reed,* with him *Reed & Bastacky,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., June 15, 1961:

The claimant quit her job on May 30, 1959, because she was six and one half-months pregnant. She did not ask for leave of absence or inform her employer, at the time of leaving, of her intention to return to

work after the birth of her child. Her child was born on August 24th and on October 9th, she reported to the Bureau of Employment Security and asked for unemployment benefits. She was there notified that she must ask her employer for reinstatement in her former job. She promptly did so, but no work was available for her.

On this state of the record, the board reversed the award to her by the bureau, affirmed by the referee. The board's reasons for denying compensation were that (1) she did not ask for leave of absence and (2) when she again became available for work she reopened her claim for benefits prior to notifying the company that she was available for work.

The claimant appeals on two grounds:

1. The appeal of the employer from the decision of the referee was too late and should have been quashed.

2. The rule disqualifying her because she first went to the board before going to her employer was unreasonable and arbitrary under the circumstances.

1. The act requires that an appeal from the referee to the board be taken within ten days and that limitation has been strictly enforced by this Court. Yet an exception has been made by the board and recognized by this Court where a written notice of intention to appeal is filed within the ten days and the formal petition for appeal is filed thereafter within ten days after the form is mailed by the bureau to the appellant. And it has been held that any letter which indicates a desire for a reconsideration is sufficient as a notice of intention to appeal. *Gill Unemployment Compensation Case*, 165 Pa. Superior Ct. 605, 70 A. 2d 422 (1950).

The referee's decision was handed down on December 4, 1959. On or about December 14th the employer wrote to the bureau asking for appeal forms. These

were sent out by the board on December 15, 1959. The executed form was not received by the board until December 29th. However, the tenth day, December 25th was Christmas, and on Saturday and Sunday, December 26th and 27th, the bureau was closed. The board in this case has interpreted its own rule to mean that if the envelope bearing the completed appeal form bears a postmark on the tenth day after the form is mailed out it is in time. In this case it concluded that since the tenth day was Christmas which fell on Friday, and that the office was closed on Saturday and Sunday, the appeal was actually mailed out in time on Monday, December 28th although it did not reach the board until December 29th, fourteen days after it had been mailed out. We cannot say that it is error for the board to interpret its own rule to the effect that the mailing is timely if made on the next business day after the tenth day. Cf. *Sturzebecker Unemployment Compensation Case*, 195 Pa. Superior Ct. 164, 169 A. 2d 310 (1961).

2. As to the merits, the board found against the claimant because she voluntarily left her employment because of pregnancy of six and one half months and did not request a leave of absence and when she again became available for work she made her claim for benefits without previously notifying her former employer or requesting reinstatement. The facts found are supported by the evidence and we are bound by them. The board concluded from these facts that the applicant had voluntarily left her employment without cause of necessitous and compelling nature.

This case falls within the rule laid down by the Court in *Flannick Unemployment Compensation Case*, 168 Pa. Superior Ct. 606, 82 A. 2d 671 (1951). In that case Judge RENO said (at p. 610):

". . . where an employe leaves employment because of a temporary disability with the expectation of later returning to work he is required to apply for a leave

of absence, give a timely notice, or otherwise manifest an intention not to abandon the labor force. This is especially applicable where the leaving is an equivocal act, as where a pregnant woman leaves her employment and the leaving can be construed either as a temporary absence or an abandonment of the labor force."

In that case, the "claimant voluntarily left her employment on December 31, 1949 because of pregnancy. She did not request a leave of absence nor did she return to her former employer in an effort to be reinstated when she was again available for work, after the birth of her baby on April 24, 1950. She registered for work on May 26, 1950".

The decision in *Flannick Unemployment Compensation Case,* supra, affirming the board's denial of compensation, governs here.

Decision affirmed.