## Sturzebecker Unemployment Compensation Case.

Argued March 11, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Samuel Sturzebecker, Sr.,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 20, 1963.

In this unemployment compensation case the unemployment authorities disqualified the claimant for benefits by virtue of §402(b)(1) of the Unemployment Compensation Law, 43 PS §802(b)(1).

Samuel Sturzebecker, Sr., the claimant, was last employed by K & K Motors, Lebanon, Pennsylvania, on March 22, 1960 as a sales manager, at a salary of $75 weekly plus commission of 2% on sales of new cars, 3% on used cars and 1% override on all sales. Because sales were unsatisfactory he was offered continued employment as a salesman at a guaranteed drawing account of $75 weekly plus commissions of 5% on new cars and 6% on used cars. He refused the offer and so became unemployed.

There was conflicting testimony concerning dissatisfaction with working conditions but the record is clear that the real problem was his dissatisfaction with the change from sales manager to salesman, with its new salary arrangements. It also appears from the record that it might have been possible for him to improve his income under the new offer but he refused to give the new arrangement a trial. This, in itself, is evidence of lack of good faith when, at the time, unemployment was his only alternative.

This claim was before this Court in 195 Pa. Superior Ct. 164, 169 A. 2d 310 (1961) on appeal from the denial of benefits under §501(e) of the Unemployment Compensation Law, 43 PS §821(e), in that he had failed to appeal from the bureau's decision within the

required statutory period. This Court remanded it to the Board for further testimony. The Board after hearing further testimony vacated its order under §501(e), supra, but held him to be disqualified under §402(b)(1) in that he voluntarily terminated his employment without cause of a necessitous and compelling nature.

We agree with the board. His dissatisfaction with earnings under the position offered without giving it a fair trial did not place him in a position of being compelled to quit. *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354 (1958).

Decision affirmed.