Rebecca Pfeffer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 7, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*David Ferleger,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *George O. Phillips,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 15, 1978:

Rebecca Pfeffer (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of unemployment compensation. Both the referee and the Board concluded that she was disqualified from receiving benefits under the provisions of Section 402-

(b)(1) of the Unemployment Compensation Law[1] (Law) because she voluntarily left work without cause of a necessitous and compelling nature.

The claimant had been employed as a sample maker at Alper Schwartz Company until December 16, 1975, her last day of work. For two days prior to her leaving, she had complained to her supervisor about Christmas organ music which was being played by a co-worker on a tape recorder located several feet from where the claimant was working. She objected to the volume of the tape recorder and to the repetition of the same tape for four of the seven working hours. She testified that she had told her supervisor that the music made her very nervous and that she had asked that it be turned off or that she be permitted to move to another location. These requests were denied, and she testified that other workers who wanted the music to continue became hostile. When the music continued, she asked that she be given time off until after Christmas, but the supervisor informed her that if she chose to leave she would be placed on piece work when she returned. She did not report to work after December 16, 1975.

In unemployment compensation cases, our scope of review is limited to questions of law and, absent fraud, to a determination of whether or not necessary findings of fact are supported by the evidence. Section 510 of the Law, 43 P.S. §830. The claimant here, of course, has the burden of showing that her voluntary termination was with cause of a necessitous and compelling nature, *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973), and her principal contention

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

is that the repetitious playing of the Christmas music had such an adverse effect on her mental and physical health that she had a compelling and necessitous reason for leaving her job.

Health problems may, in some circumstances, constitute a compelling and necessitous reason for leaving employment if the claimant produces competent testimony that at the time of his termination he was physically or emotionally unable to continue working. *Deiss v. Unemployment Compensation Board of Review*, Pa. , 381 A.2d 132 (1977). Here, however, the claimant's case does not turn on the existence of such evidence in the present record nor on her argument that a remand is necessary to enable her to present additional evidence regarding her psychiatric history. The determinative factor is that she could have taken a leave of absence until after the Christmas season if she had been willing to accept piece work upon her return. The Board specifically found that "she did not attempt to return to work after the holiday season in order to resume her employment on a piece work basis," and this crucial finding is supported by the claimant's own testimony. Even though a claimant may have properly established that a physical or emotional condition prevented continuing at his present work, he must also show that he has made a reasonable effort to preserve his employment and that he has no real choice but to leave. *Unemployment Compensation Board of Review v. Kapsch*, 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975).

We can understand the claimant's attempt to escape from what she believed to be intolerable working conditions, but when she refused to take a leave of absence conditioned upon a modification of her job at the time she returned, she did not make the kind of

reasonable effort to preserve her employment which the law requires of her. The Board committed no error of law in affirming the referee's denial of benefits, and we must, therefore, affirm the Board's decision to deny benefits.

ORDER

AND Now, this 15th day of February, 1978, the order of the Unemployment Compensation Board of Review is hereby affirmed.