IN THE MATTER OF: BAPTIST CHILDREN'S HOMES OF NORTH CAROLINA, INC. v. EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8122SC710

(Filed 20 April 1982)

1. **Master and Servant § 111.1— unemployment compensation—appellate review**
   The scope of judicial review of appeals of decisions of the Employment Security Commission is a determination of whether the facts found by the Commission are supported by competent evidence and, if so, whether the findings support the conclusions of law.

2. **Master and Servant § 100— construction of Employment Security Law—consideration of federal statute**
   In interpreting the Employment Security Law, serious consideration is to be given to the construction placed upon the federal statute. However, the State has the right, through its courts, to make the final interpretation of its own legislation, and neither the ruling of the Commissioner of Internal Revenue nor that of the Employment Security Commission is conclusive.

**3. Master and Servant § 102— employment security taxes—ordained minister working as house parent at children's home**

An ordained minister who worked as a house parent at a Baptist Children's Home was performing services "in the exercise of his ministry" within the meaning of G.S. 96-8(6)k.15(ii) and was exempt from the Employment Security Law if the Baptist Children's Home was in fact an integral agency of the Baptist State Convention.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 16 March 1981 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 9 March 1982.

This is an appeal from affirmation by the Superior Court of the Employment Security Commission's determination that one of plaintiff's employees was covered under the Employment Security Law and that plaintiff must pay unemployment taxes for him. The employee, Ralph H. Grow, Jr., was an ordained Baptist minister who worked as a house parent for plaintiff.

At the hearing before the Commission one of plaintiff's officers testified that plaintiff is an incorporated unit of the Baptist Convention of North Carolina under the Christian Social Services Division of the Convention. Its purpose is to provide services to homeless and dependent children and their families, including unwed mothers and their children. Plaintiff is governed by a board of trustees elected by the Baptist State Convention. Plaintiff presented as an exhibit a determination by the Internal Revenue Service that plaintiff was not responsible for federal employment taxes for Grow.

In its opinion, the Commission found the following facts: Grow had worked for plaintiff as a house parent from 2 January 1978 until 18 August 1979. On 24 August 1979 Grow filed a claim for unemployment benefits. It was then discovered that no earnings had been reported to the Commission as covered wages under Chapter 96 of the General Statutes. Although Grow was an ordained Baptist minister, ordination is not a requirement for the job of house parent. Ministerial functions were not a part of or required for the house parent position. For purposes of unemployment insurance coverage, plaintiff reports for coverage the wages of all of the house parents who are not ordained ministers. The ordained ministers are treated as self-employed, and their wages are not reported.

Plaintiff argued to the Commission that services performed by Grow were "in the exercise of his ministry," and therefore exempt under G.S. 96-8(6)k.15(ii). The Commission held, however, that the mere ordination as minister did not transform Grow's services into those exempt under the Employment Security Law, Chapter 96 of the General Statutes. Grow was performing his duties as a house parent, which were no different from the duties of non-ordained house parents. The Commission determined that the services performed by Grow were covered by the Employment Security Law and therefore plaintiff must pay unemployment contributions for him and other employees in similar positions.

Upon appeal to the Superior Court of Davidson County, the Commission's determination was affirmed. Plaintiff appeals to this Court.

*Blackwell, Blackwell, Canady & Eller by Jack E. Thornton, Jr., for plaintiff appellant.*

*Employment Security Commission of North Carolina Attorney T. S. Whitaker by Staff Attorney V. Henry Gransee, Jr., for defendant appellee.*

CLARK, Judge.

[1] Plaintiff argues that the Superior Court erred in finding that the Commission properly applied the law to the facts and in affirming the Commission's decision. The scope of judicial review of appeals from decisions of the Employment Security Commission is a determination of whether the facts found by the Commission are supported by competent evidence and, if so, whether the findings support the conclusions of law. The reviewing court may not consider the evidence to find the facts itself. G.S. 96-15(i); *In re Enoch*, 36 N.C. App. 255, 243 S.E. 2d 388 (1978).

Chapter 96 of the General Statutes provides for the contribution in prescribed amounts by employers to the Unemployment Insurance Fund on the wages of each employee. G.S. 96-8(6)k.15(ii) excludes from employment covered under the Employment Security Law services performed "by a duly ordained, commissioned, or licensed minister of a church in the exercise of his

ministry or by a member of a religious order in the exercise of duties required by such order; . . .''

The key to a decision on this appeal lies in the interpretation of the statutory phrase "in the exercise of his ministry." More specifically, the question is whether the fact that an individual is an ordained minister sets him apart from others who are not ordained but are employed in the same job as the minister.

The Commission stated in its decision that:

"Although it may be true that an ordained minister is particularly well suited to perform duties as a house parent, the Home does not require that a house parent be ordained and no difference in duties as a house parent flows from the status of the house parent as an ordained minister. The Commission is not persuaded that the mere ordination of an individual as a minister transforms any type of services performed for an employer into exempt services under the Employment Security Law of North Carolina, *ipso facto*. The employee here is not acting in the 'exercise of his ministry' but was specifically hired to perform the function of a house parent."

G.S. 96-8(6)k.15(ii) has not previously been interpreted by our courts. Plaintiff, however, urges us to follow the line of decisions which have interpreted similar federal unemployment compensation laws, since the North Carolina Employment Security Law is based upon federal statutes and was enacted as a part of a cooperative plan between federal and state governments. Under the plan, each state collects a state unemployment tax which it remits to the federal government. The federal government then returns the state revenues along with a federal subsidy to pay unemployment claims made by employees in the state. In order to remain eligible for the federal program, the state must comply with the standards set out in the Federal Unemployment Tax Act (26 U.S.C. § 3301 *et seq.*). *Ascension Lutheran Church v. Employment Sec.*, 501 F. Supp. 843 (W.D.N.C. 1980).

[2] Our courts have held that in interpreting the Employment Security Law serious consideration is to be given to the construction placed upon the federal statute. *Employment Security Comm. v. Freight Lines*, 248 N.C. 496, 103 S.E. 2d 829 (1958).

However, the State has the right, through its courts, to make the final interpretation of its own legislation, and neither the ruling of the Commissioner of Internal Revenue nor that of the Employment Security Commission is conclusive. *Unemployment Compensation Comm. v. Trust Co.*, 215 N.C. 491, 2 S.E. 2d 592 (1939).

The language of G.S. 96-8(6)k.15(ii), quoted above, is identical to that of 26 U.S.C. § 3121(b)(8)(A), 26 U.S.C. § 3309(b)(2), and 26 U.S.C. § 3401(a)(9). The regulations which interpret these statutes provide that if a minister performs service for an organization operated as an integral agency of a religious organization under the authority of a church or church denomination, all service performed by the minister in the control, conduct and maintenance of the religious organization is "in the exercise of his ministry." 26 C.F.R. § 31.3121(b)(8)-1 and 26 C.F.R. § 31.3401(a)(9)-1. These terms are defined in the regulations as follows:

> "Service performed by a minister in the control, conduct, and maintenance of a religious organization relates to directing, managing, or promoting the activities of such organization. Any religious organization is deemed to be under the authority of a religious body constituting a church or church denomination if it is organized and dedicated to carrying out the tenets and principles of a faith in accordance with either the requirements or sanctions governing the creation of institutions of the faith. The term 'religious organization' has the same meaning and application as is given to the term for income tax purposes."

*Id.*

The Internal Revenue Service has determined that an ordained minister who is a member of the faculty of a church-related college and whose duties do not include the conduct of religious worship or the ministration of sacerdotal functions is performing services "in the exercise of his ministry." Rev. Rul. 71-7, 1971-1 C.B. 282. As set forth in that ruling, the test for determining a minister's status is whether the employer is itself a religious organization under the authority of a religious body constituting a church or church denomination or, if not, whether the employer is operated as an integral agency of such a religious organization. *Id.* at 283. The Internal Revenue Service has held that if the employer is not a religious organization or an integral

agency of a religious organization and the minister's services are not performed pursuant to an assignment by a church, only those services in the conduct of religious worship or ministration of sacerdotal functions are "in the exercise of his ministry." *Boyer v. Commissioner*, 69 T.C. 521 (1977); Rev. Rul. 78-229, 1978-1 C.B. 305; Rev. Rul. 76-323, 1976-2 C.B. 18.

[3] Based upon the foregoing decisions which have interpreted federal statutes identical to our own, we find that if plaintiff is a religious organization or an integral agency of such organization, this State should follow the federal tax determination and find that plaintiff is exempt from payment of unemployment taxes for Mr. Grow. However, although there was uncontested evidence from which the Commission could have found as a fact that plaintiff is an integral agency of the Baptist State Convention, the Commission made no such finding, one way or the other. If there is no finding as to a material fact which is necessary for proper determination of a case, the case must be remanded to the Commission to make a proper finding. *Employment Security Comm. v. Young Men's Shop*, 32 N.C. App. 23, 231 S.E. 2d 157, *disc. rev. denied*, 292 N.C. 264, 233 S.E. 2d 396 (1977). We express our disapproval at the Commission's failure to make a finding concerning plaintiff's status as a religious agency and its subsequent attempt to support its argument on appeal by contending plaintiff cannot be exempt from payment because such an essential finding does not appear in the record.

We vacate the judgment appealed from and remand this cause to the superior court for further remand to the Commission for a determination of whether the Baptist Children's Home is in fact an integral agency of the Baptist State Convention and for proceedings consistent with this opinion.

Vacated and remanded.

Judges ARNOLD and WEBB concur.