The Philadelphia Housing Authority, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*James M. DeLeon,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 2, 1983:

The Philadelphia Housing Authority (Authority) appeals an order of the Unemployment Compensation Board of Review (Board) affirming a referee's award to Theresa Willer (claimant).

The claimant had been employed by the Authority at the Johnson Day Care Center (Center) when, on January 20, 1981, her personal keys and her automobile, which was parked at the Center, were stolen. Six weeks previously, she also had money removed from her person while at work. As a result, she was absent from work and under a doctor's care, and when she was found to be able to return to work, she requested to be transferred to a less stressful position which would not require her to work at a project. She was told that no such position was then available; she therefore remained on sick leave without pay.

On February 18, 1981 the claimant's supervisor sent her a letter advising her that she should either submit a written request for extended sick leave or a letter of resignation, and that, if she did not reply by February 25, 1981 she would be placed on "absence without leave" status and discharged after five days. The claimant responded by letter dated February 19,

1981, requesting extended sick leave; she was nonetheless dismissed on March 4, 1981.

The Authority contends that the claimant was properly dismissed from her position because she had abandoned it by being absent without leave, but we find no support for this contention in the record. It is undisputed that the claimant was offered the option of being placed on "extended sick leave" status, which she promptly accepted, *in writing,* as advised by her supervisor. There is no evidence whatsoever to indicate that she abandoned her position, or did not take the steps necessary to preserve her employment relationship. *See Pfeffer v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 601, 382 A.2d 511 (1978).

We believe, therefore, that the Authority's contention is without merit, and we will affirm the order of the Board.

ORDER

AND Now, this 2nd day of August, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.