EVELYN D. SELLERS v. NATIONAL SPINNING COMPANY, INC. AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8216SC1130

(Filed 18 October 1983)

**Master and Servant § 108.2— disqualification for unemployment compensation—employee voluntarily leaving work**

Claimant was disqualified from receiving benefits under G.S. 96-14(1), which mandates such disqualification once the Commission determines that a person is unemployed because she left work voluntarily without good cause attributable to the employer, where the evidence tended to show that claimant's pregnancy made performing her job difficult and was the reason for a month-long leave of absence which began on 27 May 1981; that plaintiff's doctor would not approve a maternity leave; and that plaintiff failed to return to work on 27 June 1981, failed to request an extension of her leave of absence, and failed to request a less strenuous job with her employer.

APPEAL by claimant from *Long, Judge.* Judgment entered 21 July 1982 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 19 September 1983.

Claimant appealed from an order affirming a decision of the Employment Security Commission which disqualified her from receiving unemployment benefits because pursuant to G.S. 96-14(1), she left work voluntarily without good cause attributable to her employer.

The relevant facts are: Claimant worked for National Spinning Company in the package winding department. In May, 1981, when claimant was two months pregnant, she was having difficulties performing her job, which required reaching and pulling.

Because of her condition, she had missed some work days; there-fore, her supervisor suggested that she take a medical leave of absence. Claimant consented and on 26 May 1981, she was granted a one-month leave of absence. She was to return to work on 27 June 1981.

On or about 4 June 1981, a representative of the employer sent claimant a letter confirming her one-month leave and telling her that if she could not return on 27 June to contact him.

On 10 June, plaintiff visited her physician. He would not ap-prove a maternity leave. He felt that claimant should not perform her old job; but that she could perform other, less strenuous work. There was never any communication between the doctor and the employer.

Between 26 May and 26 June, claimant's immediate super-visor visited her approximately three times. On these occasions, claimant asked him about the possibility of one less strenuous job in his department, but that job was unavailable.

Claimant did not return to work on 27 June. She did not re-quest an extension of the leave of absence. Other than talking with her supervisor about one particular job, she did not inquire into any other less strenuous work available at the company.

The employer tried to contact claimant on several occasions but was unable to do so. Work was available for claimant on 27 June. Had she been unable on that date to perform her old job, the employer would have attempted to find her less strenuous work in another department. Claimant was formally removed from the employer's records on 27 July 1981.

*Lumbee River Legal Services, Inc., by Phillip Wright, for claimant-appellant.*

*Thelma M. Hill, for defendant-appellee.*

VAUGHN, Chief Judge.

The Employment Security Commission is vested by statute with the "power and authority to determine any and all questions and issues of fact or questions of law that may arise under the Employment Security law . . ." G.S. 96-4(m); *See Employment Security Comm. v. Young Men's Shop,* 32 N.C. App. 23, 231 S.E.

2d 157, *review denied,* 292 N.C. 264, 233 S.E. 2d 396 (1977). On appeal from a decision of the Commission, our task is twofold: First, we must determine whether there was evidence before the Commission to support its findings of fact. Second, we must decide whether the facts found sustain the Commission's conclusions of law and its resulting decision. *Intercraft Industries Corp. v. Morrison,* 305 N.C. 373, 289 S.E. 2d 357 (1982); *Employment Security Com. v. Jarrell,* 231 N.C. 381, 57 S.E. 2d 403 (1950). We find substantial evidence in the Record to support the Commission's findings of fact.

Claimant was disqualified from receiving benefits under G.S. 96-14(1) which mandates such disqualification if the Commission determines that a person in unemployed because she left work voluntarily without good cause attributable to the employer. "Good cause," as used in the statute, connotes a reason for rejecting work that would be deemed by reasonable men and women as valid and not indicative of an unwillingness to work. *In re Watson,* 273 N.C. 629, 161 S.E. 2d 1 (1968). The Commission found that claimant may have had a good personal reason for leaving, but her leaving was without good cause *attributable to the employer* (emphasis added). It is undisputed that claimant's pregnancy made performing her job difficult and was the reason for the leave of absence on 27 May 1981. As found by the Commission, however, plaintiff had a duty to either return to work on 27 June, to request an extension of her leave of absence, or to request other employment. She did not do any of these. Her failure to return to work on 27 June was a voluntary termination.

"Attributable to the employer" as used in G.S. 96-14(1) means "produced, caused, created, or as a result of actions by the employer." *In re Vinson,* 42 N.C. App. 28, 31, 255 S.E. 2d 644, 646 (1979). Plaintiff's employer made several attempts to contact her when she did not report to work on 27 June. Had she returned, continuing work was available. Had the employer received word from plaintiff's physician that it was inadvisable to continue work, the employer testified that the company would have given plaintiff an additional leave of absence for the duration of her pregnancy. Claimant was not formally removed from the employer's records until one month later, on 27 July 1981. Plaintiff's termination was caused, not by the employer's actions, but by her own inaction.

Plaintiff contends that she was forced to leave her job because of pregnancy and, therefore, she is entitled to unemployment compensation. While pregnancy was the reason for the plaintiff's initial leave, it was not the reason for her final termination. We agree with plaintiff that a pregnant woman's acceptance of a leave of absence is not voluntary. *See Brown v. Porcher*, 502 F. Supp. 946 (D.S.C. 1980), *aff'd*, 660 F. 2d 1001 (4th Cir. 1981), *cert. denied*, U.S. 103 S.Ct. 796, 74 L.Ed. 2d 1000 (1983); *Bogucki v. Unempl. Comp. Bd. of Review*, 54 Pa. Commw. 419, 421 A. 2d 528 (1980); 26 U.S.C. § 3304(a)12 (1976). The issue in this case, however, does not concern plaintiff's temporary leave on 27 May, but rather, her failure, one month later, to take the necessary minimal steps to preserve the employment relationship. *See Unempl. Comp. Bd. of Review v. Metzger*, 28 Pa. Commw. 571, 368 A. 2d 1384 (1977). We find the rationale from several recent Pennsylvania cases to be compelling:

> [W]here an employe [sic] leaves employment because of a temporary disability with the expectation of later returning to work he is required to apply for a leave of absence, give a timely notice, or otherwise manifest an intention not to abandon the labor force. This is especially applicable where the leaving is an equivocal act, as where a pregnant woman leaves her employment and the leaving can be construed either as a temporary absence or an abandonment of the labor force.

*Flannick Unempl. Compensation Case*, 168 Pa. Super. 606, 610, 82 A. 2d 671, 673 (1951); *quoted in Hegley Unempl. Compensation Case*, 195 Pa. Super. 630, 633-34, 171 A. 2d 797, 798 (1961); *See also Pfeffer v. Unempl. Comp. Bd. of Review*, 33 Pa. Commw. 601, 382 A. 2d 511 (1978). We find nothing in the Record to merit reversing the conclusion that claimant left work voluntarily without good cause attributable to her employer.

The judgment of the Superior Court is, therefore, affirmed.

Judges WHICHARD and PHILLIPS concur.