IN THE MATTER OF: TONY R. HUGGINS, 322 MAYFLOWER STREET, CRAMERTON, NORTH CAROLINA 28032, S.S. NO. 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, APPELLANT v. PRECISION CONCRETE FORMING, POST OFFICE BOX 25786, CHARLOTTE, NORTH CAROLINA 28042, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, POST OFFICE BOX 25903, RALEIGH, NORTH CAROLINA 27611, DOCKET NO. 83(G)2446, APPELLEES

No. 8327SC1274

(Filed 2 October 1984)

**Master and Servant § 111.1— unemployment compensation—voluntary resignation attributable to employer—travel—insufficiency of Commission's findings**

    In an action to recover unemployment compensation where claimant contended that he left his job because he could no longer afford to travel with the company and his voluntary resignation was thus attributable to the employer, the Employment Security Commission's finding that "The employer in this case did not violate any agreement of hire with the claimant" was inadequate to resolve the controversy as to travel arrangements and the responsibilities and actions of both parties in regard to those arrangements.

APPEAL by claimant from *Friday, Judge*. Judgment entered 4 October 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 25 September 1984.

This is an appeal from an order of the Superior Court affirming the Employment Security Commission's denial of claimant's application for unemployment benefits. The record discloses the following:

Tony R. Huggins, claimant, was hired by Precision Concrete Forming as a form carpenter in March 1982. On 15 February 1983 claimant resigned from his job, filing an initial claim for unemployment benefits. On 28 February 1983 claimant's request

for benefits was denied based on the claims adjudicator's determination that Mr. Huggins' voluntary resignation was "without good cause attributable to the employer." *See* N.C. Gen. Stat. Sec. 96-14(1). Claimant appealed the decision, and an appeals referee, after an evidentiary hearing, made the following pertinent findings and conclusions:

> 2. Claimant left this job because he could no longer afford to travel with the company.

> 3. This claimant was employed as a carpenter and was hired on a local job.

> 4. When this job was completed the claimant was assigned work out of town and agreed to go out of town. Claimant worked about 3 months and quit because he found it was uneconomical due to his expenses.

> 5. The employer in this case did not violate any agreement of hire with the claimant.

> . . .

> In this case, the record evidence and facts found therefrom do not support a conclusion that the claimant has met the burden of showing good cause attributable to the employer for the voluntary leaving. [Citations omitted.] Claimant must, therefore, be disqualified for benefits.

Mr. Huggins sought review of the decision of the appeals referee by the Employment Security Commission. On 22 July 1983 the Commission affirmed the ruling of the appeals referee, "adopt[ing] said decision as its own." Claimant appealed to this Court from an order of the Superior Court affirming the decision of the Commission.

*Legal Services of Southern Piedmont, Inc., by Pamela A. Hunter, for claimant, appellant.*

*Donald R. Teeter, Staff Attorney, for the Employment Security Commission of North Carolina, appellee.*

HEDRICK, Judge.

The standard of review by which we are guided in examining the action of the Employment Security Commission is set out in

N.C. Gen. Stat. Sec. 96-15(i) (Cum. Supp. 1983): "In any judicial proceeding under this section, the findings of the Commission as to the facts, if there is evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." In *In re Baptist Children's Homes v. Employment Security Comm.*, 56 N.C. App. 781, 290 S.E. 2d 402 (1982), this Court said:

> The scope of judicial review of appeals from decisions of the Employment Security Commission is a determination of whether the facts found by the Commission are supported by competent evidence and, if so, whether the findings support the conclusions of law.

*Id.* at 783, 290 S.E. 2d at 403.

In his first two assignments of error, claimant challenges the Commission's conclusion that claimant left work voluntarily without good cause attributable to the employer. Mr. Huggins contends that all the evidence shows that his resignation was attributable to his employer's failure to provide "regular, timely compensation for travel," with the "resulting burden of the costs of transportation" being placed on claimant. Claimant contends that, even if we do not hold the Commission's decision to be erroneous as a matter of law, this Court should remand the matter for additional findings of fact and conclusions of law.

N.C. Gen. Stat. Sec. 96-14(1) provides that an individual shall be disqualified for unemployment benefits if the individual is unemployed "because he left work voluntarily without good cause attributable to the employer." "Good cause" has been defined by our Supreme Court in a related context as a cause which "would be deemed by reasonable men and women valid and not indicative of an unwillingness to work." *In re Watson*, 273 N.C. 629, 635, 161 S.E. 2d 1, 7 (1968). This Court has said a cause is "attributable to the employer" under the statute if it is "produced, caused, created or as a result of actions by the employer." *In re Vinson*, 42 N.C. App. 28, 31, 255 S.E. 2d 644, 646 (1979). The claimant has the burden of proving he is not disqualified from receiving benefits. *In re Steelman*, 219 N.C. 306, 13 S.E. 2d 544 (1941).

The sole point of contention between the parties at the hearing before the Commission was simply whether the claimant

voluntarily left work for good cause attributable to the employer. On appeal, the claimant contends the Commission did not make sufficient findings of fact to resolve this critical question. The entire controversy between the parties arose out of the claimant's having to travel out of town in connection with his employment. The evidence adduced at the hearing was and is confusing and contradictory as to just what arrangements Mr. Huggins had with his employer with respect to out-of-town travel expenses and overnight lodging. The evidence tends to show that the employer agreed with claimant that it would pay overnight lodging expenses when such lodging was necessary because of out-of-town job requirements. The evidence also tends to show that the employer sometimes provided claimant free transportation to and from out-of-town jobs, and that the employer agreed to reimburse Mr. Huggins at the rate of six dollars a day if he made his own travel arrangements with other employees.

The Commission's finding of fact with respect to evidence regarding travel to and from out-of-town jobs as related to the claimant is: "Claimant left this job because he could no longer afford to travel with the company." Claimant does not challenge this finding of fact; indeed, he agrees that this was precisely the reason he voluntarily left work. Mr. Huggins does contend, however, that this undisputed finding does not support the Commission's conclusion that he resigned "without good cause attributable to the employer."

Whether claimant's inability to afford continued out-of-town employment constitutes "good cause attributable to the employer" for his resignation requires resolution of the critical question whether his financial difficulties were caused by the employer's noncompliance with its agreement concerning reimbursement for travel expenditures or by claimant's own fault. Claimant introduced evidence tending to show that the employer promised to reimburse him for travel expenses at a rate of six dollars a day, that the employer did not promptly and fully reimburse him, that he was consequently unable to satisfy his obligation to the driver of the vehicle in which he had been commuting to work, and that the driver refused to provide continued transportation until claimant satisfied his debt. The employer, on the other hand, offered evidence tending to show that it offered claimant free transportation to out-of-town job sites, and that

claimant failed to take advantage of this offer. The record thus discloses a controversy as to travel arrangements and the responsibilities and actions of both parties in regard to those arrangements. Examination of the findings of fact made by the Commission, however, reveals only one finding relating to this controversy between the parties: "The employer in this case did not violate any agreement of hire with the claimant." We hold this sole conclusory finding woefully inadequate to resolve the matters at issue in the proceeding before the Commission. This finding leaves unanswered the ultimate question whether claimant voluntarily left work without good cause attributable to the employer. Thus the order of the Superior Court affirming the decision of the Employment Security Commission must be vacated and the cause remanded to that court for the entry of an order of remand to the Employment Security Commission to make findings of fact and conclusions of law resolving the critical question whether the employee voluntarily left work without good cause attributable to the employer.

Vacated and remanded.

Judges BECTON and PHILLIPS concur.