ARTIE BARNES, Plaintiff v. THE SINGER COMPANY and THE EMPLOY-
MENT SECURITY COMMISSION OF NORTH CAROLINA, Defendants

No. 8723SC848

(Filed 5 July 1988)

**Master and Servant § 108— unemployment compensation—plant closed—job at
more distant plant offered—employee's voluntary leaving of job**

    Petitioner voluntarily quit her job without good cause attributable to the
    employer and was therefore not entitled to unemployment compensation
    where the employer closed its plant at which petitioner, a non-driver, had
    worked; that plant was 22 miles from petitioner's home; petitioner caught a
    ride to that plant with her brother-in-law who worked in the same city;
    employer offered petitioner a job in another plant located 11 miles farther
    from her home; petitioner had no means of transportation to the new job; and
    petitioner therefore declined the offer of the new job. N.C.G.S. § 96-14.

    Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Rousseau, Judge*. Judgment en-
tered 27 April 1987 in Superior Court, WILKES County. Heard in
the Court of Appeals 3 February 1988.

*Legal Services of the Blue Ridge by Louise Ashmore; and
Richard Tarrier for petitioner appellant.*

*Chief Counsel T. S. Whitaker and Staff Attorney James A.
Haney, for respondent appellee, Employment Security Commis-
sion.*

COZORT, Judge.

Claimant refused to accept a job offered her by her employer
after the employer moved the plant eleven miles farther from
claimant's home. Claimant, who does not drive, argues that she
was "forced" to quit because she was unable to arrange transpor-
tation to the new plant location. Claimant was denied unemploy-
ment compensation by the Full Commission. The Commission's
decision was affirmed by the Superior Court of Wilkes County.
We affirm.

Claimant Artie Barnes was employed by the Singer Compa-
ny, hereinafter "employer," in Lenoir as a furniture cleaner.
Claimant lives in Moravian Falls, twenty-two miles from her em-
ployer's Lenoir plant. For thirteen years claimant, who does not

drive, caught a ride to and from work with her brother-in-law, who also lived in Moravian Falls and worked in Lenoir. In the summer of 1986 employer permanently closed the Lenoir plant. The work that had been done in Lenoir was transferred to a plant location eleven miles farther from claimant's home. Since claimant had a good work record, employer offered her a job at the new location doing the same work she had done in Lenoir.

Claimant was unable to secure a ride to the new plant with her brother-in-law because he still worked in Lenoir. Claimant testified that she checked for rides to work and could not find any. Claimant declined the employer's offer to continue working at the new plant.

Claimant applied for unemployment compensation on the theory that her employer's move "forced" her to quit because she was unable to arrange transportation to work. She claims that when an employer's relocation requires employees to drive thirty-three miles one way, that is "good cause" to quit your job under N.C. Gen. Stat. § 96-14(1). We disagree.

The pertinent facts, as recited above, are not in dispute. The issue before this Court is whether the Commission erred in concluding that claimant voluntarily quit her job without good cause attributable to the employer.

N.C. Gen. Stat. § 96-14(1) provides that a claimant is disqualified for unemployment compensation benefits "if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he left work *voluntarily without good cause attributable to the employer.*" (Emphasis added.) Our courts have interpreted that statute to require evidence that claimant quit voluntarily *and* that she quit without good cause attributable to her employer. In other words, the test to be disqualified for unemployment benefits has two prongs: a "voluntary" prong and a "good cause" prong. *In re Poteat v. Employment Security Comm.*, 319 N.C. 201, 203, 353 S.E. 2d 219, 221 (1987).

Leaving work voluntarily for the purposes of § 96-14 means making the choice to leave free of coercion by the employer or by events beyond the employee's control. *In re Poteat*, 319 N.C. at 205, 353 S.E. 2d at 222. Our focus should be "the external factors motivating the employee's quit[ting]." *Id.* We have held that em-

ployees who quit after being asked by their employers to leave do not quit "voluntarily" for the purposes of § 96-14. *In re Werner*, 44 N.C. App. 723, 727, 263 S.E. 2d 4, 7 (1980). A pregnant woman's acceptance of a leave of absence is not "voluntarily" quitting, but her failure to take the necessary steps to preserve her employment status was "voluntary" under § 96-14. *Sellers v. National Spinning Co.*, 64 N.C. App. 567, 570, 307 S.E. 2d 774, 776 (1983).

The second prong of the test under N.C. Gen. Stat. § 96-14, the good cause determination, is applied if the claimant's quitting is found to be voluntary. *Poteat*, 319 N.C. at 205, 353 S.E. 2d at 222. "Good cause" is a reason for leaving a job "deemed by reasonable men and women [as] valid and not indicative of an unwillingness to work." *In re Watson*, 273 N.C. 629, 635, 161 S.E. 2d 1, 7 (1968). The cause is "attributable to the employer" when the reason for quitting is "produced, caused, or created as a result of actions by the employer." *In re Huggins v. Precision Concrete Forming*, 70 N.C. App. 571, 573, 320 S.E. 2d 416, 417 (1984).

Applying these principles to this case, we are not convinced that claimant has produced sufficient evidence that external factors attributable to her employer forced her to quit. It is an economic reality that businesses must from time to time relocate or consolidate. We do not believe we are compelled by this case to establish a "Bright-Line test" in terms of miles traveled or burden to the employee. We do not believe an employer's move requiring claimant to commute an additional eleven miles is unreasonable. It is generally the employee's responsibility to commute to work absent some agreement between employer and employee. While employer's move increased claimant's burden for finding transportation, we do not believe the employer's move forced claimant to quit. Therefore, the decision of the trial court affirming the order of the Commission disqualifying claimant for benefits is

Affirmed.

Judge ARNOLD concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my view the majority opinion is based upon semantics rather than reality. For the reality is, I think, according to all the evidence and findings, that the claimant did not quit her job either voluntarily or without good cause but quit because the plant she was assigned to was thirty-three miles away from her home; the relative who drove her to the other plant could not drive her there; and, as a practical matter, it was impossible for her to get there every day since she does not drive a car, could not find anybody to ride with, and no public transportation was available. Voluntariness requires a free choice, and choosing not to do that which is economically and physically impossible is not voluntary. In my opinion she is entitled to unemployment benefits, and I would vacate the judgment of the Superior Court and remand the matter to the Employment Security Commission for a determination of the amount due her.