Linda K. Defeo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

162

Argued September 14, 1978, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*John B. McCue,* with him *McCue and Bertocchi,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 18, 1978:

Linda K. Defeo has appealed from a decision of the Unemployment Compensation Board of Review that she was ineligible for unemployment compensation benefits because she was not available for suitable work. Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d) provides that compensation is payable to an unemployed employee who "[i]s able to work and available for suitable work."

Mrs. Defeo was employed for about six years as a picker by the Butler County Mushroom Farm. She be-

came pregnant and in October 1976 her doctor told her not to lift things weighing more than ten pounds or to stand for long periods of time. Mrs. Defeo told her employer of these restrictions and asked for lighter work. The employer being unable to provide lighter work placed Mrs. Defeo on a one-year leave of absence. Only Mrs. Defeo appeared at the referee's hearing. She testified that she didn't ask for a leave, that she asked for lighter work and that her employer responded by placing her on leave. The compensation authorities made no finding of fact concerning the nature of the leave—whether Mrs. Defeo went on leave voluntarily or whether, as she clearly testified, her employer simply placed her on leave.[1]

Mrs. Defeo's application for unemployment benefits was refused under Section 401(d) of the Act, 43 P.S. §801(d), by the Bureau of Employment Security, a referee and the Board, each of which concluded that Mrs. Defeo was on leave of absence from her employment by Butler County Mushroom Farm and was not therefore available for suitable work.

In *Tokar v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978), we held that a claimant who is on a leave of absence cannot be considered to be unavailable for suitable work as a matter of law. In *Tokar, supra,* as here, the question of whether the claimant's leave of absence was voluntary or involuntary was in dispute and no findings had been made as to whether the claimant was actually available for suitable work. In discussing the issue of the nature of the leave of absence

---

[1] Early in the hearing, Mrs. Defeo answered "yes" to the following leading question put by the referee: "[D]id you ask for a leave of absence?" She later made it quite clear that she did not ask for leave and that her employer simply put her in that status. She also testified that she would be available for work until March 1977.

—whether voluntary or involuntary—Judge MENCER, speaking for the Court, wrote:

> A leave of absence is ordinarily voluntary in nature, and a claimant who voluntarily leaves work because of a 'marital, filial or other domestic circumstances' is ineligible for benefits by virtue of Section 402(b)(2) of the Act, 43 P.S. §802(b)(2). Therefore, if claimant had voluntarily requested a leave of absence to care for her sister, she would have been ineligible for benefits, regardless of her availability for other work. See Crumbling v. Unemployment Compensation Board of Review, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974).

*Tokar, supra,* at 245, 385 A.2d at 636.

In *Tokar, supra,* we concluded that Ms. Tokar's leave of absence was involuntary because no specific finding had been made by the referee on this issue and because the only evidence in the record directed to this question was the uncontradicted testimony of the claimant that she had not requested a leave of absence. Concluding that Ms. Tokar's leave of absence was not voluntary, we reversed a denial of compensation. We remanded the record to the Board for more findings with respect to Tokar's availability for suitable work because a question growing out of circumstances other than the nature of her leave of absence remained unresolved.

Reverting to the case at hand, the referee made no finding that Mrs. Defeo voluntarily took leave from her employment. She testified that she was not on voluntary leave and was available for suitable work. Following *Tokar, supra,* we here determine that Mrs. Defeo's leave was not voluntary. It is not required, however, that we remand for a factual determination of Mrs. Defeo's initial availability since there is no evidence other than she was in fact available when she

applied for compensation in October 1976 and at the time of the hearing in December 1976, and that she would be available thereafter until sometime in March 1977, when the evidence showed she would be delivered of her child. We will reverse the order below.

ORDER

AND Now, this 18th day of October, 1978, the order of the Unemployment Compensation Board of Review is reversed.