Robert N. Molnar, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Catherine A. Davis,* with her *Paul Osborne,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 20, 1979:

Robert N. Molnar (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) that he is not able and available for

suitable work and therefore is ineligible for benefits pursuant to Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). We affirm.

Claimant suffers from allergies which are aggravated by exposure to dust, smoke, fumes, and particulate matter. His condition became so severe that his physician advised him to leave his employment with the United States Postal Service, where he was exposed to dust, until his allergies could be stabilized. On April 20, 1976, claimant was granted a one-year leave of absence by the Postal Service because of his allergies. If, at the end of that period, claimant's condition had not improved sufficiently to allow him to return to work, his employment with the Postal Service would be terminated. In the interim, claimant's physician advised him not to accept any other position which involved exposure to dust, smoke, fumes, or particulate matter.

Claimant's application for unemployment compensation for the period October 2, 1976 through October 23, 1976 was denied by the Bureau of Employment Security on the basis of Section 401(d). After two hearings, a referee and the Board agreed, reasoning that, because of his physical condition and his leave-of-absence status, claimant was not genuinely and realistically attached to the labor force.

Claimant had the burden to establish that he is able and available for suitable work as required by Section 401(d). *Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). To meet this burden, claimant relies almost exclusively upon the presumption that one who registers for work with the Bureau of Employment Security meets the requirements of Section 401(d). *See, e.g., Baker v. Unemployment Compensation Board of Re-*

*view*, 18 Pa. Commonwealth Ct. 503, 507, 336 A.2d 671, 674 (1975).

This presumption is rebuttable, however, by evidence that a claimant's physical condition limits the type of work he is available to accept, *Baker, supra,* or that he has voluntarily placed other restrictions on the type of job he is willing to accept, *see Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A.2d 802 (1951). In this case, claimant cannot accept certain jobs because of his allergies, and by accepting a leave of absence he has indicated a present intention to accept only temporary, as opposed to permanent, employment. *See Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978). These limitations, while not disqualifying in themselves, *see Tokar, supra,* are sufficient to rebut the presumption of availability. *See Baker, supra.*

Once a presumption has been rebutted, it disappears and has no further effect upon the outcome of the case. *Waters v. New Amsterdam Casualty Co.,* 393 Pa. 247, 144 A.2d 354 (1958). Thus, claimant cannot rely upon the presumption of availability to discharge his burden. Rather, he had an affirmative obligation to produce evidence that he was able to do some type of work and that there was a reasonable opportunity for securing such work. *See, e.g., Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975).

Claimant produced no such evidence. When asked whether any job existed that he could perform with his limitations, claimant said he didn't know what, if anything, he was qualified to do. Although claimant also testified that he might be qualified as a "drafter" or as an office worker, there is no indication that such jobs were available, either on a permanent or temporary basis, or that claimant could reasonably hope

to secure such jobs. In contrast, the claimant in *Tokar, supra,* was a college graduate in excellent health who was capable of performing any number of jobs, skilled and unskilled, and who did in fact secure a part-time job. We remanded the case because those facts provided a sufficient basis upon which the Board could have concluded that a reasonable possibility existed for the claimant to secure employment despite her leave-of-absence status. No such facts appear in the record of this case, however, and we must therefore hold that benefits were properly denied.[1]

### Order

And Now, this 20th day of February, 1979, the order of the Unemployment Compensation Board of Review, dated May 5, 1977, denying benefits to Robert N. Molnar, is hereby affirmed.

---

[1] In *Patsy, supra,* the claimant had similarly failed to meet his burden, but we nevertheless remanded to allow him another opportunity to do so. The basis of the remand was that the referee had failed to fulfill his duty under the Board's regulations to assist claimants who are not represented by counsel in the presentation of their cases. The claimant in this case was represented by counsel and had ample opportunity to prove his case, and a remand is therefore unnecessary.

---

Dissenting Opinion by Judge Crumlish, Jr.:

I respectfully dissent.

I would remand for the taking of additional testimony on the sole issue of employment opportunity. Although I agree with Judge Mencer's conclusion that the presumption of availability has been rebutted, I must disagree that the claimant has not met his affirmative burden of showing that he was able to do work of some nature. But whether suitable work was available is unclear on the record.

Accordingly, I would remand for this limited purpose.