Rena Hamelers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 13, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Nancy L. Ford,* for appellant.

*Richard Wagner,* Chief Counsel, with him *Michael D. Klein,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 19, 1979:

Rena Hamelers has appealed from a decision of the Unemployment Compensation Board of Review (Board) that she was ineligible for unemployment compensation benefits on the ground that she had voluntarily accepted a leave of absence and thus was not thereafter available for suitable work. Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d) requires as a condition

of eligibility that workers be "able to work and available for suitable work."

Ms. Hamelers was employed for five years by Sears, Roebuck and Company (Sears) as a warehouse worker and forklift operator at one of its distribution centers. She became pregnant and in July, 1977, informed Sears that her doctor had ordered her to refrain from any further heavy work. Ms. Hamelers requested that she be given lighter work. Sears, unable to provide Ms. Hamelers with work meeting her capabilities, placed her on leave of absence until January, 1978. At the referee's hearing, Ms. Hamelers testified that she did not request a leave of absence; that she had wanted to continue to work for Sears doing lighter work; that, after being placed upon leave of absence, she was able and available for suitable work; and that if she found other work she would not return to Sears following the birth of her child but would continue in her new employment. This testimony was not contradicted.

The referee and the Board concluded that Ms. Hamelers was ineligible for unemployment compensation benefits solely because, by accepting leave of absence status, she was not "available for suitable work." We believe this was error. In circumstances materially identical to those of this case, we held that the pregnant woman's acceptance of a leave of absence was not voluntary and that having been involuntarily placed on leave of absence she was eligible for benefits. *Defeo v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 161, 392 A.2d 337 (1978).

In *Defeo*, the Board had made no finding of fact concerning whether the claimant's leave of absence was voluntary or involuntary. Here, the referee and the Board each found as fact that Ms. Hamelers voluntarily accepted a leave of absence. The sole evidence

relied upon by the referee and the Board was Ms. Hamelers' statement when first applying for benefits that her "[d]octor advised me to take a maternity leave as of the middle of July due to the heavy lifting in my job. I asked for light duty job, was told there were none." In our view this was not substantial evidence—that is, more than a scintilla—that Ms. Hamelers voluntarily accepted a leave of absence status. The only direct evidence on this issue was Ms. Hamelers' testimony clearly demonstrating that she was involuntarily placed on leave. This, the referee and the Board of Review, in our view, capriciously disregarded.

We therefore reverse the Board's determination. We remand the matter to the Board, however, for the limited purpose of determining when Ms. Hamelers was so far advanced in her pregnancy as to be unavailable for work and thus ineligible for further unemployment compensation benefits.[1]

---

[1] The Board, relying on *Molnar v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979), suggests that, if Ms. Hamelers' acceptance of the leave of absence is not disqualifying, she is nevertheless ineligible for unemployment compensation benefits for failure to meet her burden of proving that a reasonable opportunity for securing other suitable work existed. In *Molnar*, the claimant attempted to carry this burden by relying, as is proper, almost exclusively upon the rebuttable presumption that one who registers for work with the Office of Employment Security meets the requirements of Section 401(d) of the Unemployment Compensation Law, *i.e.*, is able and available to do suitable work. This presumption was rebutted in *Molnar*, however, by the severe and enduring limitations placed upon the claimant's employability by allergies to dust, smoke, fumes and particulate matter and by his intention to accept only temporary employment. In this case, Ms. Hamelers accepted light work and would have been able to return to her regular work within five months. She testified that she would have accepted other permanent employment. Sears had the opportunity to rebut the presumption in the two referees' hearings held in this case, but failed to do so.

ORDER

AND Now, this 19th day of December, 1979, the order of the Unemployment Compensation Board of Review is reversed and the case is remanded for proceedings consistent with this opinion.