Joseph Galla, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1981, before Judges BLATT, MACPHAIL and PALLADINO, sitting as a panel of three.

*Gerard J. Koechel*, with him *Richard A. Moses*, *Gefsky, Reich and Reich*, for petitioner.

*Karen Durkin*, Associate Counsel, with her *Stephen B. Lipson*, Associate Counsel, *Richard Wagner*, Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, October 21, 1981:

The claimant, Joseph Galla, appeals two decisions of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits and trade readjustment allowances on the basis that he was unavailable for work under Section 401(d) of the Pennsylvania Unemployment Compensation Law (Law).[1]

The claimant, a disabled veteran,[2] was formerly employed as a boiler house mechanic by the Jones & Laughlin Steel Corporation (J&L) for approximately

---

[1] Section 401(d) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d), in pertinent part states that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who— . . . (d)(1) [i]s able to work and *available* for suitable work. . . ." (Emphasis added.)

[2] The claimant developed ulcers while serving in the military.

32 years. On June 24, 1979, he was laid off when his job was phased out and following such separation he received a full pension from J&L. Thereafter, he registered for work with the Office of Employment Security (Office) and also filed a claim for, and subsequently received, unemployment compensation benefits and trade readjustment allowances until the Office terminated such compensation the week ending December 15, 1979. The termination was based on the grounds that the claimant's December 13, 1979 statement to the Office's Disabled Veterans Employment Representative that he was fully retired and had no need for the Representative's services evidenced that he was unavailable for work and was therefore ineligible for benefits or allowances under Section 401(d) of the Law.

The claimant did not deny making this statement referred to above, but he contends here that the Board capriciously disregarded competent evidence in making its factual finding that he was fully retired. He argues that he was retired only from J&L but not from the general work force and was therefore available for work.

The burden of proving availability for work in an unemployment compensation case is on the claimant, and a presumption of availability may be established by a showing that the claimant registered and declared his or her availability for either temporary or permanent work. Once this presumption is rebutted, however, it disappears and the original burden of proving availability[3] for work returns to the claimant. *Pizzo v. Unemployment Compensation Board of Review,* 56

---

[3] In other words, the claimant regains the affirmative obligation or burden to *produce* evidence of his or her availability for work. *See Molnar v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979).

Pa. Commonwealth Ct. 431, 424 A.2d 1021 (1981); *Roman v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980).

Where, as here, the party with the burden of proof did not prevail below, our scope of review is limited to a determination of whether or not the findings of fact were consistent with each other, with the conclusions of law, with the order, and can be sustained without a capricious disregard of competent evidence.[4] *Gehouskey v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 476, 429 A.2d 1280 (1981).

The claimant's contention here that he was available for work was rebutted by his own uncontradicted admission that he was retired and had *no need* for job placement services at that time. Clearly, this evidence supports the Board's findings that the claimant considered himself as being, and actually was, fully retired from the general labor force as opposed to "retired" only from J&L.

Inasmuch as the record evidences that he was unready, unwilling and unable to accept either temporary or permanent suitable employment, and in view of his statement to the Office Representative, we cannot hold that the Board capriciously disregarded competent evidence in finding him fully retired and actually and currently unattached to the labor force. *Urista v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 618, 425 A.2d 494 (1981).

We, will, therefore, affirm the Board's denial of benefits and allowances to this claimant.

---

[4] In unemployment cases, a capricious disregard of competent evidence constitutes disbelief of testimony which someone of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. *Davis v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 499, 426 A.2d 753 (1981).

#### ORDER

AND Now, this 21st day of October, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.