Pennsylvania Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*William J. Payne, Kleinbard, Bell & Brecker,* for petitioner.

*Jeffrey Gonick,* Associate Counsel, with him *Francine Ostrovsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., April 5, 1983:

The Pennsylvania Electric Company (employer) appeals an order of the Unemployment Compensation Board of Review (Board) granting benefits to Sherry B. Carlin (claimant).

For purposes of this appeal, the claimant was last employed as a meter reader by the Pennsylvania Electric Company. On November 18, 1980, when she was approximately five months pregnant, she presented a doctor's note to her employer which stated that because of the inclement weather during the winter months, she was advised against continuing her job as a meter reader until she had her baby. After requesting other work from her employer, which he could not provide, the claimant was placed on sick leave. Subsequently, she applied for unemployment benefits which were granted by the referee and affirmed by the Board. The employer now appeals to this Court.

The employer first contends that the claimant should be denied benefits in that she failed to establish compelling and necessitous reasons for leaving

her employment. Initially, we note that the requirement of establishing compelling and necessitous reasons for leaving one's employment is applicable only in cases involving *voluntary* terminations under Section 402(b) of the Unemployment Compensation Law (Law).[1] Such is not the case here. The claimant did not voluntarily leave her work, but rather was placed on sick leave *after* her request for other work was denied. Under these circumstances, this Court has repeatedly held that a pregnant woman's acceptance of a leave of absence, after requesting other work from her employer, does not constitute a *voluntary* termination of employment so as to render the claimant ineligible for benefits. *Bogucki v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 419, 421 A.2d 528 (1980), citing *Hamelers v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 121, 408 A.2d 1198 (1979) and *Defeo v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 161, 392 A.2d 337 (1978). Accordingly, the employer's 402(b) argument must be dismissed in that that section of the law is inapplicable to the facts of this case.

The employer next asserts that the claimant should be denied benefits since she failed to establish her availability for work, in that she made no effort to obtain other suitable employment and fully intended to resume her job as a meter reader at the close of her sick leave. In unemployment cases, the burden of proving availability for suitable work is on the claimant. *Koba v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). In meeting this burden, the claim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802.

ant is entitled to a presumption of availability once he or she registers for work with the Bureau of Employment Security. *Galla v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 238, 435 A.2d 1344 (1981), *Berks v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 503, 336 A.2d 671 (1975). Once this presumption has been rebutted, it disappears, and the claimant is burdened with the affirmative obligation to produce evidence of his or her availability for work. *Galla,* and *Molnar v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979). The question of availability, however, is ultimately a question of fact for the Board, which this Court must affirm if supported by substantial evidence. *Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977). In the instant case, the employer has attempted to show a failure on the part of the claimant to actively seek other employment in order to rebut the presumption of the claimant's availability.[2] The employer did not succeed in rebutting this presumption; the Board found that the claimant is able and available for work that does not require her

---

[2] The employer questions the claimant's availability by stating in its brief that the claimant failed, without good cause, to be available for suitable work. The concepts of good cause and availability arise under separate provisions of the Unemployment Compensation Law, and must be considered separately in determining the eligibility of a claimant for benefits. Under Section 401 of the Law, 43 P.S. §801, a claimant must *qualify* as being available before benefits can be granted. A showing of "good cause," or "good faith," (*see, Brillhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A.2d 260 (1946)), however, excuses a person from being deemed *ineligible* from benefits under Section 402 of the Law, 43 P.S. §802, when a claimant fails to apply for suitable work as the department may prescribe, or to accept suitable work when offered to him.

being outdoors.[3]   This finding is supported by the claimant's own testimony, which establishes that she is capable of performing any work indoors which does not require lifting.   Further, the claimant testified that she interviewed with job counselors from the Bureau of Employment Security and looked in newspapers to see what jobs were available.   Accordingly, we cannot conclude that the Board's finding of the claimant's availability for work is unsupported by record evidence.   We also dismiss the employer's contention that the claimant be found unavailable because of her intention to return to work for her employer at the close of her sick leave.   It is now established that a person may not be disqualified for benefits based solely upon the brevity of his unemployment or his intention to return to work for the same employer.   *Penn Hills School District v. Unemployment Compensation Board of Review*, 469 Pa. 620, 437 A.2d 1213 (1981).

Lastly the employer argues that the claimant cannot be unemployed since it continued to pay insurance premiums on her behalf, she received holiday, vacation and sick pay,[4] and she retained the right to return to work without a loss in seniority.   Section 4(u) of the Law, 43 P.S. §753(u) provides in pertinent part that:

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with re-

---

[3] The restriction that the claimant work indoors is not so severe a limitation upon her availability so as to render her ineligible for benefits, *See Wincek v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 237, 412 A.2d 699 (1980).

[4] In total, the claimant received 21 1/2 days compensation from her employer representing 100 hours of sick leave, four holidays, and five vacation days.

spect to which no remuneration is paid or payable to him. . . .

Under subsection (i), the question is fairly simple: did the claimant perform services during the weeks in question for which remuneration was paid or payable to her? If the answer is yes, then the claimant was not unemployed during those weeks. In our present case, it is undisputed that the claimant performed no services during the weeks she received benefits. The more difficult question, however, arises under subsection (ii).

Recognizing that the term remuneration has been defined as "payment for services performed," *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 555, 153 A.2d 906, 911 (1959), the question under subsection (ii) asks *when* services were performed for which the claimant received payment. *See Hock v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 517, 413 A.2d 444 (1980). Merely because payments are made during the week or weeks in question, does *not* mean that they are made with respect to those weeks. *Hock*. In other words, if remuneration is paid with respect to the claim week, the claimant will be deemed not unemployed. *See Gianfelice.*

Clearly, the claimant's retention of seniority cannot be considered remuneration. Likewise, the insurance premiums paid by the employer to the insurance company cannot constitute payment to the claimant, much less payment for services performed by her. As to the claimant's receipt of holiday, vacation[5] and

---

[5] Our legislature has expressed an intent not to treat vacation pay as remuneration for unemployment compensation purposes. *See Buss v. Unemployment Compensation Board of Review*, 487 Pa. 610, 410 A.2d 779 (1980) and Section 404(d)(ii) of the Law, 43 P.S. §804(d)(ii).

sick pay, our review of the record discloses that the claimant was entitled to these amounts based upon accumulated past and present service. *See Hock* and *Gianfelice.* Accordingly, benefits cannot be denied to the claimant upon the basis that she was not unemployed. Therefore, the order of the Board granting benefits is hereby affirmed.

ORDER

AND Now, this 5th day of April, 1983, the order of the Unemployment Compensation Board of Review, dated May 18, 1981, No. B-195272, granting benefits to the claimant Sherry B. Carlin is hereby affirmed.