531 A.2d 823

Kenneth A. Harwood, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 6, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Kenneth A. Harwood,* petitioner, for himself.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 29, 1987:

Kenneth A. Harwood (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law (Law).[1]

Claimant was employed as a case worker for the Department of Public Welfare (Employer) for approximately one year. Claimant's last day of work was December 20, 1984, after which he took a voluntary leave of absence due to the fact that he was suffering from severe depression.

On June 4, 1985, Claimant sent a letter[2] to the Employer, requesting an immediate return to work at a position with less responsibility, and suggesting various positions he felt he was qualified for. Claimant applied for benefits on June 9, 1985. The Employer failed to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1).

[2] See Exhibit No. 4 to August 1, 1985, referee's hearing.

offer Claimant any other positions and his leave of absence was extended several times.

The Office of Employment Security (OES) granted benefits pursuant to Section 401(d)(1) of the Law and the Employer appealed. At the August 1, 1985, hearing before the referee, Claimant testified that he neither resigned nor was terminated from his position as a case worker and that his leave of absence had been extended through September 30, 1985. The referee denied benefits pursuant to Section 401(d)(1) and the Board affirmed, adopting the findings of the referee.

Claimant contends on appeal that the Board erred by failing to analyze the voluntariness of his separation under Section 402(b) of the Law,[3] rather than Section 401(d). In the alternative Claimant maintains that if the Board properly analyzed his case under Section 401(d), it erred in concluding he was not able and available for suitable work.

Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law has been committed or necessary findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The OES's determination was made exclusively under Section 401(d)(1) and not under Section 402(b). Section 401(d)(1) provides in pertinent part:

Compensation shall be payable to any employe who is or becomes unemployed, and who

. . . .

(d)(1)  Is able to work and available for suitable work. . . .

---

[3] 43 P.S. §802(b).

Section 402(b) provides in pertinent part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (b)   In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

The Department is deemed to have ruled on all matters and issues relative to a claim for benefits, 34 Pa. Code §101.87, and the Board may only consider the merits of issues delineated in the OES's determination notice. *Hanover Concrete Co. v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 463, 402 A.2d 720 (1979). The OES found Claimant was able and available for suitable work under Section 401(d)(1) and the referee and Board, relying on the same section of the Law, found him ineligible. Therefore, we are precluded from addressing whether or not Claimant voluntarily left with cause of a necessitous and compelling nature.

Turning to Claimant's second contention, we conclude that the Board erred in finding him ineligible for benefits under Section 401(d)(1). The burden of proving availability for suitable work is on the Claimant. *Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977). A claimant who registers for unemployment compensation benefits is presumed to be able and available for work. *Galla v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 238, 435 A.2d 1344 (1981). The Employer failed to rebut this presumption by producing evidence of unavailability. In fact, the Board, found Claimant was able and available to accept employment but could not work as a case worker.[4] Howev-

---

[4] Finding of Fact No. 5 of referee's decision as adopted by the Board.

er, the Board then concluded that Claimant was ineligible for benefits because he was on a leave of absence through September, 1985, and thus could not "be considered able and available and realistically attached to the labor force."

> The basic purpose of the statutory requirement of availability 'is to establish that a claimant is actually and currently attached to the labor force.' . . . It is clear that a claimant is attached to the labor force so long as he is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity in which he lives. (Citations omitted.)

*Quiggle Unemployment Compensation Case,* 172 Pa. Superior Ct. 430, 435, 94 A.2d 367, 370 (1953).[5]

This Court has refused to hold as a matter of law, that any claimant on a leave of absence is unavailable for suitable work. *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978). Further, a claimant who imposes conditions as to his employment may still be available within the meaning of Section 401(d).

In *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975), we noted that the Unemployment Compensation statute does not require a claimant to be available for full-time or permanent employment.

> So long as the claimant is ready, willing and able to accept some substantial and suitable work he has met the statutory requirements. . . . It is sufficient if he is able to do some type of work, and there is a reasonable opportunity for securing such work in the vicinity in which he lives.

---

[5] This case is sometimes cited as *Erie Resistor Corp. v. Unemployment Compensation Board of Review.*

*Id.* at 284, 330 A.2d at 888, citing *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 561, 45 A.2d 898, 905 (1946).[6]

Claimant requested a leave of absence after being advised by his physician and therapist to look for another position.[7] Prior to applying for benefits, Claimant wrote to the Employer requesting an immediate return to employment in another position. Claimant also testified that while he hoped to go back with his Employer, he was actively seeking employment elsewhere. Claimant's therapist testified that he was unable as of the date of the referee's hearing to resume employment as a case worker.

The record contains substantial evidence to support the Board's finding that Claimant is able and available for suitable work except as a case worker. However, we cannot agree with the Board's conclusion that Claimant is not able and available for work nor attached to the labor force simply because he is on a leave of absence. A claimant may not be found ineligible for benefits simply because of the brevity of his unemployment or his intention to return to work for the same employer. *Pennsylvania Electric Company v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 258, 458 A.2d 626 (1983). The real question is whether Claimant has imposed conditions on his employment which so limit his availability as to effectively remove him from the labor market. *Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 354 A.2d 260 (1976).

---

[6] This case is sometimes cited as *Bliley Electric Co. v. Unemployment Compensation Board of Review.*

[7] The Board found that Claimant's physician did not advise him to terminate his employment. While that is so, Claimant did not terminate his employment but applied for and received a leave of absence.

Claimant has demonstrated that he is ready and willing to accept any suitable position other than that of a case worker and the Board so found. Under these circumstances, where the limitation on employment in a labor market such as Philadelphia is so slight, it cannot sensibly be maintained that Claimant has effectively removed himself from the labor market.

Accordingly, we will reverse the order of the Board.

## ORDER

AND NOW, this 29th day of September, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.

Judge PALLADINO dissents.