# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warren T. McCall, : 
          Petitioner : 
           : 
      v. : No. 197 C.D. 2019
           : Submitted: September 13, 2019
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**         **FILED:  December 5, 2019**

Warren T. McCall (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a decision of the Unemployment Compensation Referee (Referee), denying Claimant unemployment compensation benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law (Law).[1] As set forth below, we affirm.

Claimant applied for unemployment compensation benefits on October 14, 2018, while on medical leave from his position as a Mental Health Technician with Friends Hospital-Universal Health (Employer). (Certified Record

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).

(C.R.), Item No. 1 at 1; Item No. 2 at 1-2.) The UC Service Center (Service Center) determined that Claimant was not ineligible for unemployment compensation benefits under Section 402(b) of the Law,[2] relating to voluntarily quitting without cause of a necessitous and compelling nature, but ultimately determined that Claimant was ineligible for unemployment compensation benefits under Section 401(d)(1) of the Law, relating to being able and available for work. (C.R., Item No. 6 at 1.) Claimant appealed the Service Center's determination. (C.R., Item No. 7.) A Referee conducted a hearing at which time Stephanie Mellott (Mellott), Employer's Human Resources Generalist, and Claimant testified. (C.R., Item No. 10 at 1.)

Mellott testified that Claimant last worked for Employer on October 10, 2018, as a full-time employee. (*Id.* at 3.) Claimant did not voluntarily quit nor did Employer discharge him. (*Id.* at 4.) Instead, Claimant took an approved medical leave of absence in order to have leg surgery that started on October 11, 2018, with a tentative end date of January 27, 2019. (*Id.*) Employer did not receive any notification from Claimant or Claimant's doctor as to whether Claimant was "able and available for some work." (*Id.*) Light-duty work would not have been available for Claimant had Employer received notification from either Claimant or Claimant's doctor that he was medically fit to be "able and available for some work," because light-duty work is for workers' compensation cases only. (*Id.*) Employer considered Claimant still to be employed as a full-time Mental Health Technician. (*Id.* at 3.)

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Claimant testified that he had surgery on October 24, 2018. (*Id.* at 5.) On January 27, 2019, Claimant received a letter from his doctor that he could possibly return to work in early February 2019. (*Id.*) Claimant's doctor informed him that he would be "able to do work using [his] hands and able to get to work." (*Id.*) Claimant admitted that he had not had a conversation with Employer regarding his ability to "return to work and perform limited duties." (*Id.*) Furthermore, Claimant's doctor had not specifically told Claimant that he was "able to return to work and perform limited duties," and Claimant had not asked his doctor this question. (*Id.*)

Following the hearing, the Referee issued a decision concluding that Claimant was ineligible for unemployment compensation benefits. (C.R., Item No. 11 at 1-3.) The Referee issued the following findings of fact:

1. The Claimant was employed as a Mental Health Technician from September 22, 2014[,] until October 10, 2018; at the time of separation, he was working full-time . . . .

2. On October 11, 2018, the Claimant began an Employer-approved leave of absence for medical reasons.

3. Documentation submitted by the Claimant to the Employer in support of his request for a leave of absence for medical reasons indicated that he would be unavailable for work from October 11, 2018[,] through January 27, 2019.

4. The Claimant underwent surgery on October 24, 2018; as of the date of the hearing, the Claimant's physician had not advised the Claimant that he could return to work and[,] if so, whether his ability to work was subject to restrictions or limitations.

3

5. The Claimant filed an application for benefits effective October 14, 2018.

(*Id.* at 1-2.) The Referee offered the following reasoning:

[T]he Claimant has demonstrated that [he] meets all three prongs of the three-prong test set forth by the [a]ppellate [c]ourts to establish necessitous and compelling reasons for leaving a job due to health conditions for the period at issue in this appeal *i.e.*, the period beginning with the waiting week ending October 20, 2018. As a result, benefits cannot be denied to the Claimant under Section 402(b) of the Law.

. . . .

Based on the testimony received at the hearing, the Referee concludes that the Claimant was not able and available for work for the waiting week ending October 20, 2018; therefore, benefits must be denied under Section 401(d)(1) of the Law.

A denial of benefits under Section 401(d)(1) [of the Law] is subject to review on a week-to-week basis and a denial of benefits for a specific claim week(s) does not prejudice a claimant's eligibility for any future week.

The Claimant is free to notify the Employer and the Service Center and to supply supporting documentation when released to seek suitable employment by his physician.

(*Id.* at 2-3.)

Claimant appealed the Referee's decision to the Board. (C.R., Item No. 12.) The Board, adopting and incorporating the Referee's findings of fact and conclusions of law, concluded that the Referee properly determined that Claimant was not eligible for unemployment compensation benefits pursuant to Section 401(d)(1) of the Law. (C.R., Item No. 14.) The Board noted that "[w]hether a claimant is able and available for work is a week-to-week test. The claimant should

4

contact his local . . . Service Center and file a new application for benefits if and when he becomes 'able and available' for work." (*Id.*)

On appeal,[3] Claimant argues that the Board erred when it found that he was not able and available for work. Claimant also argues that the Board erred in its determination that he was ineligible for unemployment compensation benefits under Section 401(d)(1) of the Law. Claimant essentially argues that he was able and available for work, because, as shown from his testimony before the Referee, he was able to perform limited work with his hands. Claimant contends that the Law only requires a showing that he is able and available to perform *some* kind of work, not that he was able to perform his normal position with Employer. The Board argues that it did not err in denying Claimant unemployment compensation benefits, because Claimant had failed to offer any evidence as to what types of jobs he could actually and medically perform with his hands, that such jobs were reasonably available to him, and that he was actively seeking out such jobs. We agree with the Board.

Pursuant to Section 401(d)(1) of the Law, a claimant is eligible for unemployment compensation benefits when he is, or becomes, unemployed and is able and available for suitable work. It is well established that a claimant enjoys a rebuttable presumption that he is "able and available for work" when he applies for unemployment compensation benefits. *GTE Prods. Corp. v. Unemployment Comp. Bd. of Review*, 596 A.2d 1172, 1173 (Pa. Cmwlth. 1991), *appeal denied*, 607 A.2d 257 (Pa. 1992). To effectively rebut this presumption, an employer must show evidence "that a claimant's physical condition limits the type of work he is

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

available to accept . . . or that he has voluntarily placed other restrictions on the type of job he is willing to accept." *Molnar v. Unemployment Comp. Bd. of Review*, 397 A.2d 869, 870 (Pa. Cmwlth. 1979). After the presumption is rebutted, the burden of proof shifts back to the claimant to prove affirmatively that he was "able to do some type of work and that there was a reasonable opportunity for securing such work." *Id.*; *see also Ruiz v. Unemployment Comp. Bd. of Review*, 911 A.2d 600, 603 (Pa. Cmwlth. 2006). A claimant successfully proves that he has a "reasonable opportunity" to obtain work that he is able to perform when he provides evidence, on the record, that shows that such jobs exist or by showing the reasonable possibility that he could secure any of the offered jobs. *Pizzo v. Unemployment Comp. Bd. of Review*, 424 A.2d 1021, 1022 (Pa. Cmwlth. 1981).

Here, Employer effectively rebutted the presumption of Claimant's ability and availability for work. At the hearing before the Referee, Mellott testified that Claimant took a medical leave of absence between October 11, 2018, and January 27, 2019, to have surgery. (C.R., Item No. 10 at 4.) Employer did not receive any notification from Claimant or Claimant's doctor that he had been cleared to return to work in any capacity. (*Id.*) In addition, when asked on his Internet Initial Claims form whether he was "able to work," Claimant responded that he was not able to work because "[w]alking aides (ex: crutches and canes) are not allowed . . . [in the hospital], including for staff." (C.R., Item No. 2 at 4.) On the same form, Claimant also responded to the question "[a]re you available for work" that he was not available for work because his doctor had informed him that his surgery would require "extended healing time." (*Id.*) Mellott's testimony and Claimant's responses to the Internet Initial Claims form effectively rebutted the presumption that Claimant was able and available for work. As a result, the burden shifted to

6

Claimant to prove that (1) he was able to do some work, and (2) he had a reasonable opportunity to obtain such work.

In this case, Claimant essentially argues that he met this burden by testifying before the Referee that he was able to do work with his hands and was able to get to work. The Board, instead, argues that Claimant failed to meet his burden by failing to offer any evidence as to what types of jobs he could actually perform in his condition with his hands, that such jobs were reasonably available, and that he was actively seeking such work. We agree with the Board. While it is true that the Law requires that a claimant must show he is able and available for *some* type of work, the Law also requires that the claimant must show (1) what type of work he is capable of doing and (2) that there is a reasonable possibility that he would be able to obtain such a position.

Claimant relies upon our decisions in *Pennsylvania Electric Co. v. Unemployment Compensation Board of Review*, 458 A.2d 626 (Pa. Cmwlth. 1983), and *Harwood v. Unemployment Compensation Board of Review*, 531 A.2d 823 (Pa. Cmwlth. 1987). These cases are distinguishable. In *Pennsylvania Electric Co.*, the Court held that the claimant was able and available for work because the claimant had testified that "she [was] capable of performing any work indoors which does not require lifting," had interviewed with job counselors, and had researched job availabilities in the local newspaper. *Pa. Elec. Co.*, 458 A.2d at 628. The claimant in *Pennsylvania Electric Co.*, therefore, not only provided evidence that she was able and available for work, but she also provided testimony detailing what type of work she could perform in her medical condition (any work indoors that did not require lifting) and provided testimony that she had the reasonable possibility of obtaining such a position based off of her job interviews and research. *Id.* In *Harwood*, the

Court held that the claimant was able and available for work because the claimant was available for any and all work except for a "case worker" position, and as he actively sought employment with his employer and elsewhere. *Harwood*, 531 A.2d at 826. The claimant in *Harwood* also proved both that he was able and available for work and that there were jobs that he could do (in this case, any job other than a "case worker") and that he had the reasonable possibility to obtain such work (as he was actively applying for other positions). Additionally, the claimant's doctor had released the claimant to perform any job other than as a "case worker." *Id.*

Here, in contrast to both of these cases, Claimant provided only his own testimony that he was able to work with his hands and was able to get back to work. (C.R., Item No. 10 at 1-2, 4-6.) Claimant failed to provide any evidence that would show what type of work he would be able to perform safely with his hands in his medical condition and also failed to list a single job that he could do. Merely stating that a claimant is able and available for work is not nearly enough and is certainly not the end of the inquiry as required by the Law. A claimant must also show that there are jobs available that he would be able to perform and that these same jobs are reasonably available to him.

Accordingly, we affirm the order of the Board.

P. KEVIN BROBSON, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warren T. McCall,                    :
               Petitioner     :
                                  :
       v.                           :     No. 197 C.D. 2019
                                  :
Unemployment Compensation            :
Board of Review,                     :
               Respondent     :

## **O R D E R**

AND NOW, this 5th day of December, 2019, the order of the Unemployment Compensation Board of Review is AFFIRMED.

 

                                                 
_____
P. KEVIN BROBSON, Judge