# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Roberto, : 
                         Petitioner : 
                                      : 
             v. : No. 1478 C.D. 2022
                                      : Submitted: November 6, 2023
Unemployment Compensation : 
Board of Review, : 
                    Respondent : 

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                 **HONORABLE STACY WALLACE,** Judge
                 **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: December 20, 2023**

Carl Roberto (Claimant) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) affirming the decision of the Referee that denied Claimant benefits pursuant to Section 401(d)(1) of the UC Law (Law)[1] on the basis Claimant was not able and available for work. Upon review, we affirm the Board's Order.

## I.    BACKGROUND

Claimant was employed by Zoll Manufacturing (Employer) until January 20, 2021. (Referee's Decision, Finding of Fact (FOF) ¶ 1.[2]) On February 10, 2021,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1).

[2] The Board's Order adopted and incorporated the Referee's findings and conclusions subject to amendment of one finding and the addition of another, as indicated below.

Claimant filed an initial application for UC benefits. (*Id.* ¶¶ 5-6.) On that application, Claimant indicated he was not able and available to work due to a physical disability. (*Id.* ¶ 7.) Specifically, on an "Able and Available" questionnaire, he indicated that he was unable to work because he was "[d]isabled until further notice due to mobility and mental restrictions" and was not available to work because he was "[d]isabled until further notice." (Initial Internet Claims Form, Certified Record (C.R.) at 009.) In response to whether "any restrictions and/or limitations" existed "with regard to the type of work [Claimant is] seeking or willing to accept," Claimant responded "[m]obility and mental limitations." (*Id.*) In response to questions seeking "Additional Information," Claimant answered "N[o]" to "[a]re you able to work?" citing his "[p]hysical disability." (*Id.* at 010.) In response to "[a]re you available for work?" he indicated "[N]o" explaining that his "employment requires mobility and [his] treatment has been delayed due to [COVID-19]." (*Id.*)

In July 2021, approximately six months after submitting his initial internet claims form on which he indicated he was not able and available for work, Claimant received notice that he did not qualify for UC benefits under Section 401(d)(1) of the Law because he was "not able and/or available for work due to illness, injury or disability." (*Id.* at 025.) The notice advised that "[d]isqualification under Section 401(d)(1) . . . is a week to week test" and "[i]neligibility pertains to the specific periods during which some existing condition or circumstance exists which causes [Claimant] to be unable to work or unavailable to work." (*Id.*) It further advised Claimant that the "disqualification is immediately purged upon the lifting or withdrawal of the particular condition which resulted in the disqualification." (*Id.*)

2

Claimant filed a timely pro se appeal, writing "I was medically eligible after I saw the doctor for my absences on Jan 22nd 2021. I was terminated January 21st. I have filed my biweekly and weekly claims since then claiming that I am medically able to work." (*Id.* at 041.)

A UC Referee held a telephone hearing on November 4, 2021, at which Claimant appeared pro se and testified as follows.[3] His last day of work was December 13, 2020, and he was on short-term disability from December 14, 2020 through February 7, 2021, during which time Claimant admits he was not able to work. (*Id.* at 071.) Claimant was out of work due to two herniated discs in his back for which he sought medical treatment. (*Id.*) Claimant testified: "the doctor actually sent a letter to my Employer that said I would be off for at least three weeks . . . . the shots I needed . . . took about a week to work . . . ." (*Id.*) Claimant starting filing for UC benefits as of February 7, 2021 "[b]ecause [he] was available to work at that point." (*Id.*) He did not "know why [the internet initial claims form] would say [he] was unavailable," stating that, as of February 10, 2021, he was available because he "went to the doctor . . . [,] had [his] procedure done to [his] back[,] and [] was able to work after that." (*Id.* at 072.) In closing, Claimant testified: "I was available for work as of February 10th. February 7th, I started – I was no longer receiving my short-term disability so I needed unemployment and I filed every week and never received any payment." (*Id.* at 073.)

In a decision dated November 7, 2021, the Referee found Claimant's last actual day of work was December 13, 2020, he was injured on December 14, 2020, and he was on a leave of absence and short-term disability through February 7, 2021. (FOF ¶¶ 2-4.) The Referee further found that when Claimant filed his initial

---

[3] Employer did not appear at the hearing. (*See* Referee's Decision at 3.)

application for UC benefits, Claimant reported that he was "unable to walk" and Claimant was not able or available to work due to a physical disability. (*Id.* ¶¶ 6-7.) Finally, the Referee found "[C]laimant presented no medical documentation to support his testimony that there was a change in his condition since filing his initial application for benefits." (*Id.* ¶ 8.)

The Referee explained there is a presumption that a claimant is able and available for work, which can be rebutted with evidence of illness or disability, among other things. (Referee's Decision at 3-4.) A claimant then bears the burden of demonstrating the claimant is able or available for suitable work each week. (*Id.* at 4.) Here, the Referee reasoned that "[C]laimant's mere testimony that he is physically capable of working is contradictory to the information he provided when he filed his initial application for benefits and unsupported by any corroborating medical documentation." (*Id.*) Accordingly, the Referee concluded Claimant had not met his burden of proof to demonstrate he was able and available for some suitable work. (*Id.*) In his order, the Referee denied benefits "effective February 7, 2021 . . . and until such time as [C]laimant provides proof, such as a release from a physician, to the Department [of Labor and Industry (Department)] showing that he is able to work." (Referee's Order.)

Claimant, still proceeding pro se, appealed the Referee's Decision to the Board, noting as his reason his "claim was denied due to lack of medical documentation and conflicting dates/statements. [He] was unsure of the dates so the determining [referee] requested a physician's statement with the dates of treatment. The document has been uploaded." (C.R. at 087.)

The Board affirmed by Order dated September 15, 2022. The Board adopted the Referee's findings and conclusions, modifying "Finding of Fact 7 to reflect that

4

[C]laimant reported to the Department on February 10, 2021[,] that he was neither able nor available to work because he was 'disabled until further notice.'" (Board's Order.) The Board also added "Finding of Fact 9 to reflect that [C]laimant is not available for work due to a physical disability." (*Id.*) The Board observed that on appeal, Claimant "makes references which the Board cannot consider as they are not a part of the record." (*Id.*) The Board also stated that "[C]laimant offered conflicting testimony regarding his availability for work as he was 'disabled until further notice.'" (*Id.*) Therefore, "the Board d[id] not credit[ C]laimant's testimony that he was available for work as of either February 7, 2021 or February 10, 2021." (*Id.*) In affirming the Referee's Decision, the Board stated that "Disqualification under Section 401(d)(1) of the UC Law is a week-to-week test. Therefore, if[ C]laimant becomes able and available for work after the weeks involved in this appeal, he should inform his local UC Service Center and, if applicable, provide a doctor's note." (*Id.*) (emphasis omitted).

Claimant filed a timely pro se petition for review with this Court. The parties have briefed their respective positions, so the issues are ripe for our disposition.

## II.    PARTIES' ARGUMENTS

Claimant, who is now represented by counsel, argues generally that he was able and available for suitable work and, therefore, qualified for UC benefits. (Claimant's Brief (Br.) at 12.) First, Claimant asserts that "[i]t is quite common for questions regarding . . . being able and available for work to be filled out incorrectly" because "many individuals are not aware that these questions do not refer to the job [they] left." (*Id.* at 14.) Claimant also argues that he substantiated he was able and available to work by uploading a letter from his doctor to the portal, which Claimant suggests confirms a lumbar injection on February 17, 2021. Claimant appends a

5

"Screenshot of Portal" and a "Physician Letter Dated November 8, 2021" to his brief as Exhibits C and D, respectively. In Claimant's view, he did as instructed by the Referee's Decision in uploading the doctor's note.

The Board focuses on the fact that it did not credit Claimant's testimony that he was able and available to work in February 2021. Looking to the legal framework, the Board asserts that Claimant's statements on his application that he was not able to work amount to an admission that rebutted the presumption that Claimant was able and available to work. In the Board's view, Claimant did not carry his burden because it did not credit Claimant's testimony that he was available as of February 7 or 10, 2021. The Board also urges us to reject Claimant's suggestion that he was mistaken when filling out the internet claim form, pointing to Claimant's lack of explanation for his responses on the internet claim form at the hearing. Next, the Board counters that because the letter was not in evidence before the Referee, the Board did not err in not considering it and this Court is likewise precluded from considering it. Moreover, the Board argues Claimant did not obtain or submit a letter until after the hearing before the Referee.

## III. DISCUSSION

### A. General Legal Principles

Our review in UC cases is limited to determining whether there is a constitutional violation, an error of law, a failure of the Board to follow procedure, or findings which lack the support of substantial evidence in the Board's adjudication. *Procito v. Unemployment Comp. Bd. of Rev.*, 945 A.2d 261, 262 n.1 (Pa. Cmwlth. 2008). "Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion." *Stage Rd. Poultry Catchers v. Dep't of Lab. & Indus., Off. of Unemployment Comp., Tax Servs.*, 34 A.3d 876, 885

6

(Pa. Cmwlth. 2011). In addition, the Board serves as factfinder, empowered to resolve conflicts in evidence and render credibility determinations. *Procito*, 945 A.2d at 262 n.1.

Section 401(d)(1) of the Law provides, in relevant part, that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work." 43 P.S. § 801(d)(1). When a claimant applies for UC benefits, a rebuttable presumption arises that they are able and available for work. *Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). "[E]vidence that a claimant's physical condition limits the type of work [the claimant] is available to accept" serves to rebut the presumption. *Molnar v. Unemployment Comp. Bd. of Rev.*, 397 A.2d 869, 870 (Pa. Cmwlth. 1979). If the presumption is rebutted, a claimant must present evidence of an ability to do some type of work and of a reasonable probability the claimant could secure such work. *Id.* Availability for work under Section 401(d)(1) is a question of fact for the Board. *Craig v. Unemployment Comp. Bd. of Rev.*, 442 A.2d 400, 401 (Pa. Cmwlth. 1982).

### B. Analysis

Turning to the first step of the inquiry, we must determine whether the presumption that Claimant was able and available to work was rebutted. Here, Claimant indicated on his internet initial claims form that he was unavailable due to a disability, and when asked by the Referee why the information on the form contradicted Claimant's testimony, Claimant said only that he did not know why. Based on this evidence, a reasonable mind could conclude that Claimant was not available for work as of February 10, 2021 based on a self-reported disability. (*See* FOF ¶¶ 6-8.) While we are sympathetic to Claimant's suggestion that he was

7

confused about the information the form was eliciting, we are mindful that we may not substitute an alternative finding for that of the Board's where the Board's is supported by substantial evidence. *Stage Road Poultry Catchers*, 34 A.3d at 885-86. Therefore, the presumption that Claimant was able and available for work was rebutted.

With the presumption rebutted, Claimant needed to present evidence to affirmatively demonstrate his availability. The Board made an adverse credibility determination based on Claimant's inability to reconcile his answer on the initial claims form and his testimony at the hearing. Because the Board, and not this Court, is empowered to resolve conflicts in the evidence, *Procito*, 945 A.2d at 262 n.1, we must defer to the Board's credibility determination.

Claimant points to the doctor's note he allegedly uploaded to the portal as evidence. However, the Board did not err in not considering it. Whether the Board capriciously disregarded evidence boils down to whether the Board "willfully or deliberately ignored evidence that any reasonable person would have considered to be important." *Barsky v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1117 n.5 (Pa. Cmwlth. 2021). "The Board may not consider post-hearing factual communications in its determination, as the Board is restricted to the facts and the law pertinent to the issues involved on the basis of evidence **previously** submitted . . . ." *Croft v. Unemployment Comp. Bd. of Rev.*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) (emphasis in original). Moreover, we "may not consider auxiliary information appended to a brief that is not part of the certified record on appeal . . . ." *Id.*

We are sympathetic to the fact that Claimant could have interpreted the Referee's instruction to submit his documentation to the portal—likely as a matter of establishing eligibility for future benefits—as an indication that the Referee would

8

see the document, consider it, and make it part of the record.[4]  However, the doctor's note did not become part of the record before the Referee, as Claimant did not present it at the hearing or seek to hold the record open to do so.  Thus, because the Board did not credit Claimant's testimony that he was able and available for work, and given the lack of other evidence of record to support an alternate finding, we are constrained to conclude that Claimant did not meet his burden to prove he was able and available for work.

## IV.    CONCLUSION

To qualify for UC benefits under Section 401(d)(1), a claimant must be able and available for work.  While a presumption arises when claimants initially apply for UC benefits, here, that presumption was rebutted by Claimant answering on the application that he was unavailable for work.  Because the Board did not credit Claimant's testimony that he was available as of February 2021, and because Claimant put forth no additional evidence of record to substantiate his availability, the Board did not err in affirming the Referee's denial of UC benefits.  For these reasons, we are constrained to affirm the Board's Order affirming the denial of UC benefits.

**RENÉE COHN JUBELIRER,** President Judge

---

[4] As Section 401(d)(1) is a week-to-week test, assuming Claimant did submit the documentation as directed, the Department should review it to determine the date Claimant became able and available to work and approve benefits, provided Claimant is otherwise eligible.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl Roberto, : 
                      Petitioner : 
                                  : 
                v. :   No. 1478 C.D. 2022
                                  : 
Unemployment Compensation : 
Board of Review, : 
                    Respondent : 

# O R D E R

    **NOW**, December 20, 2023, the Order of the Unemployment Compensation Board of Review, in the above-captioned matter, is **AFFIRMED.**

 

_____
                  **RENÉE COHN JUBELIRER,** President Judge