IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theron S. Richards,                          :
                              Petitioner     :
                                             :
              v.                             :
                                             :
Unemployment Compensation                    :
Board of Review,                             :     No. 2104 C.D. 2016
                              Respondent      :     Submitted: July 21, 2017


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                            FILED:  December 19, 2017


          Theron Richards (Claimant), *pro se*, petitions for review of the
November 15, 2016 order of the Unemployment Compensation Board of Review
(Board) which denied Claimant unemployment compensation benefits pursuant to
Section 401(d)(1)[1] of the Unemployment Compensation Law (Law).  Upon review,
we affirm.

          Claimant was employed as a full-time delivery assistant at Bell
Beverage (Employer) from September 16, 2013 until July 25, 2016.  On July 26,
2016, while walking to the store, Claimant was shot multiple times.  One of the
resultant injuries left Claimant with a bullet lodged in his leg.  Claimant was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
801(d)(1), which provides in relevant part that a claimant must be "able to work and available for
suitable work…" to be eligible for UC benefits.

hospitalized from July 26, 2016 through July 29, 2016. On the date of his discharge, Claimant filed a claim for unemployment compensation benefits. This claim was denied by the Erie UC Service Center (Service Center) on August 22, 2016, on the basis Claimant was ineligible for benefits under Section 401(d)(1) of the Law. Claimant appealed and a hearing was held before a Referee on September 30, 2016. The Referee issued her determination on October 18, 2016, and affirmed, as modified, the decision of the Service Center that Claimant was ineligible for unemployment compensation benefits for the weeks ending July 30, 2016 through October 1, 2016, pursuant to Section 401(d)(1) of the Law. Claimant appealed to the Board, which affirmed the Referee's decision on November 15, 2016.[2] A request for reconsideration was denied on December 13, 2016. This appeal followed.[3]

The sole issue before this Court is whether Claimant was able and available for suitable work.[4]

Claimant argues he was able and available for work on the date of his initial discharge from the hospital on July 29, 2016. Claimant contends the Board failed to consider his evidence that he was cleared for work, including notes from

---

[2] In its decision, the Board emphasized that "Section 401(d)(1) of the Law is a weekly test [and] if the claimant became able and available for suitable work after the weeks at issue here, the claimant should notify the Department…" (Certified Record (C.R.), Item 11, Board's Order dated November 15, 2016.)

[3] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review,* 87 A.3d 1006 (Pa. Cmwlth. 2014).

[4] Petitioner's pro se communication was filed with this Court on December 16, 2016. Because it was not filed within thirty days of the Board's November 15, 2016 order as required by Pa.R.A.P. 1512(a)(1), the appeal appears to be untimely. However, because the pro se communication was mailed via first-class mail and was received one day late, the Court will consider it timely. *Miller v. Unemployment Compensation Board of Review*, 476 A.2d 364 (Pa. Cmwlth. 1984).

2

his surgeons clearing him for limited light duty work. Claimant further argues that the delay in his return to work was due to his employer refusing to allow him to work, despite the fact that he was able and available to do so.

Section 401(d)(1) of the Law provides that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who… [i]s able to work and available for suitable work..." 43 P.S. § 801(d)(1). Once a claimant registers for unemployment compensation benefits, it is presumed he is able and available for work. *Galla v. Unemployment Compensation Board of Review*, 435 A.2d 1344 (Pa. Cmwlth. 1981). That presumption is rebuttable by evidence that a claimant's physical condition limits the type of work which he is available to accept. *Molnar v. Unemployment Compensation Board of Review*, 397 A.2d 869 (Pa. Cmwlth. 1979). If the presumption is rebutted, the burden shifts to the claimant to produce evidence that he is able to do some type of work and there is a reasonable opportunity for securing such work. *Rohde v. Unemployment Compensation Board of Review*, 28 A.3d 237 (Pa. Cmwlth. 2011).

Presently, Claimant filed for unemployment compensation benefits on July 29, 2016. In the Claimant Questionnaire dated August 5, 2016, Claimant indicated he was able and available for work, however, he stated he was unable to lift or walk without assistance and he was taking medical leave until his injuries healed. (C.R. Item 2, Claimant Separation Information.) The Record of Oral Interview dated August 19, 2016 indicates Claimant stated he was "under doctor's orders not to work at this time." *Id.* Employer stated in its questionnaire that Claimant's job was being held in the hope his physician would release him to return to work. (C.R. Item 3, Employer Separation Information.)

3

At the hearing before the Referee, Claimant testified that on "September 6th, around there…" his physician would not release him for work because Claimant couldn't stand for more than twenty minutes without his leg swelling. (C.R. Item 8, Transcript of Testimony (T.T.) at 5.) After the bullet was removed from Claimant's leg on September 16, 2016, Claimant was told to stay off his foot for approximately two weeks. *Id.* at 9. Claimant acknowledged he told Employer he couldn't work at all until at least September 16, 2016. *Id.* at 15.

Employer presented a note from Claimant's physician which stated Claimant was under the physician's care from August 6, 2016 through September 25, 2016 and Claimant was not able to return to work. (C.R., Employer Exhibit # 1.) Steve Bell (Bell), Employer's vice president, testified to conversations he had with Claimant regarding his ability to work. Specifically, Claimant's physician did not want Claimant to return to work because the bullet in Claimant's leg could move and sever an artery. (T.T. at 13.) Employer was keeping Claimant's position open until he was well enough to go back to work. *Id.* at 14.

While it was presumed that Claimant was able and available for suitable work upon filing for benefits, that presumption was rebutted by Claimant's statements made when he first filed for benefits and while testifying before the Referee. The note from Claimant's physician indicated Claimant was not released for work until September 25, 2016 at the earliest. Finally, Claimant testified he was not to bear weight on his injured leg for two weeks following his surgery on September 16, 2016. We must conclude, therefore, that Claimant did not satisfy his burden to show he was able to perform some sort of work.[5] The Board's conclusion

---

[5] When filing his Request for Reconsideration with the Board, Claimant submitted additional documentation from his doctor which indicated Claimant was released to work with restrictions. These documents, which contained various dates throughout October 2016 and

4

that Claimant was not able to work in any capacity is supported by substantial evidence. This, coupled with the documentation from his physician finding him unable to return to work, forces us to conclude that Claimant was not able and available for work, as required under Section 401(d)(1) of the Law, for the week ending July 30, 2016.[6]

For these reasons, the order of the Board is affirmed.

_____
JOSEPH M. COSGROVE, Judge

---

November 2016, were clearly not presented at the September 30, 2016 hearing and were not a part of the record therefrom. As a result, the Board did not consider them. We are similarly constrained as items that are not part of the record may not be considered by an appellate body on review. *Bingnear v. Workers' Compensation Appeal Board (City of Chester),* 960 A.2d 890, 896 (Pa. Cmwlth. 2008).

[6] As noted by the Board, a determination whether a claimant is able and available for suitable work is a week-to-week test. Therefore, even though Claimant is not eligible for the weeks at issue in the matter before this Court, he is eligible for subsequent weeks which are not affected by our decision, nor does this decision preclude any disability claim he may make.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theron S. Richards,                          :
                     Petitioner                 :
                                             :
          v.                               :
                                             :
Unemployment Compensation                    :
Board of Review,                             :    No. 2104 C.D. 2016
                  Respondent             :

## O R D E R

AND NOW, this 19th day of December, 2017, the November 15, 2016 order of the Unemployment Compensation Board of Review is affirmed.

_____
JOSEPH M. COSGROVE, Judge